Ip^ETINUE.for Negroes. Bradley obtained judgment againstr Williams in-this court, in the lile time of Williams. Execution issued from November, 1801, to May, 1802, returned
 
 stayed.
 
 Then it issued to November, 1802, returned
 
 stayed'.
 
 Williams died, April, 1803 ; execution issued from May, 1803, to November, 1803, returned without indorsement or blank ; then it issued to May, 1804, returned levied on three Negroes. A
 
 venditioni exponas
 
 issued to the sheriff then out of office, to sell, and he sold the Negroes in question to Bradley, who was. the plaintiff in the execution.
 

 IMoodworth, the sheriffj was offered as a witness, and received by Locke, Judge,, on the ground that he was equally interested on both sides of the question; for if plaintiff recovered-against Bradley,
 
 Bradley would recover against the sheriff'
 
 for making an illegal sale. If the piaintiff failed, then he was liable to the plaintiff, for he had purchased lands of Williams, and had promised' to discharge Bradley’s execution.
 

 Secondly ; he decided that ií a former sheriff seized lands to satisfy this execution, there being personal property, it is not a discharge of the execution as to the defendant, and the new sheriff may still seize personal property upon a
 
 newJi. fa.
 
 being delivered' to him, and he ought to do so. Besides, Williams sold the lands-to Bioodwonh, in September, 1802, and consented, as Bioodworth swears, that Negroes should be considered $s seizedi
 

 Thirdly; he decided that if a
 
 Jj. fa.
 
 issues, it binds the property from the teste ; and if a new execution be taken out within a year- from the last return, though nos from the last retara.
 
 *364
 
 term, but from the term next after that, it is a. sufficient continuance of the execution,, and will lay hold of the property of the defendant, though he dies between the return term and the nex.i, term, where there is a suspension of the execution* The authorities cited by defendant’s counsel, were Salk. 322. 2 Ba. Ab. 352. 1 Cro. 174, 181. 2 L. Ray, 851. 2 Viner, 8, 2 Leon.
 
 78.
 
 C. Lytt. 290, b. 2 L. Ray. 808.
 

 Fourthly; a purchase of lands by the sheriff from the defendant, and a promise by the sheriff to apply che purchase money to the satisfaction of the execution, i.s not a discharge of the execution, but is an executory contract, which does not satisfy-the execution till performed.
 

 Note.-i — As to the third .point, his honor said he was
 
 clearly
 
 of the opinion he delivered.. The reporter thinks otherwise 5. it seems to him that the lien on the goods, occasioned, by a. teste of the execution, continues till the return term of that execution, aud no longer, unless continued from the last return, term by a new execution, and so from term to term, 2 Leonard,
 
 78.
 
 Comb. 346. 12 Mo. 377, speak in general terms, suppos-.
 
 mg
 
 the particulars to be understood: but their omissions are supplied by
 
 2
 
 Nels. Ab. 776, sec. 11, Gilb. on Executions, 14, 12 Mo. 84. 2 Barnes, 172, Law
 
 vs.
 
 Beat. 2 Inst. 471. Every case to be found of binding goods after the death of defendant^ is where the execution by v/hich they were bound, is teste before and returnable after the death Such are 2 Vent. 208. 1 Mo. 188. Salk. 320. Comb. 33. Cro. El. 181. 1 L. Ray, 695. 3 P. W. 399: and the reason is, that the execution being regularly continued from term to term, the defendant’s death must, happen whilst some of them are out. There is not an adjudged case to be found where the point of decision was, that an execution teste after the death, bound the goods, because there had. been an execution teste before the death. If the lien occasioned, by the teste continues, for a year without a
 
 newfi-fa.
 
 what is to.become of purchasers who enquire of the sheriff and find no execution in his office, and who become purchasers after the return, of the last execution, and within a year from thence Í What, is to become of the perishable goods of a defendant who dies, if they cannot be sold till a year and day from the return of the execution teste in his life time ? According to the positions here made if the executor sells them, an execution may issue from the term following the death, or from any term within a year of the last return, and take them from the purchaser. If they will not keep but perish for want of a sale, the creditor is not' liablé for the value. As to 2 L. R. 851, see what is said.
 
 7
 
 Mod. 94. Salk. 87. 6 T. 368: Defendant gave a power of attorney to enter judgment, and died between Hilary and Eas*. ter terms, and the judgment was entered at Hilary ternoj andhfdd-gpqd by relation, What is it t.o this purpose
 
 .